## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOANNE WITCHKO, Derivatively on Behalf of Nominal Defendant AMERICAN REALTY CAPITAL PROPERTIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> NICHOLAS S. SCHORSCH, et al., <br><br> Defendants, <br><br> -and- <br><br> AMERICAN REALTY CAPITAL PROPERTIES, INC., <br><br> Nominal Defendant. | Lead Case No. 15-cv-6043-AKH <br><br> (Consolidated with Case No. 15-cv-8563-AKH) |

## DEFENDANT NICHOLAS S. SCHORSCH'S ANSWER TO THE
## AMENDED VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

In responding to the allegations in the Amended Verified Shareholder Derivative Complaint dated June 30, 2016 (the "Complaint"), Defendant Nicholas S. Schorsch (i) incorporates into each response a denial of any allegations in the Complaint to the extent such allegations assert or suggest that Mr. Schorsch made any untrue statement of material fact or omitted to state a material fact necessary to make the statements made not misleading, (ii) to the extent that any response is required, denies any allegations or averments in the introductory paragraphs, headings, and subheadings of the Complaint, and (iii) intends to respond only as to allegations directed at him individually, and should not be deemed to be responding to allegations that are directed solely at other Defendants. Mr. Schorsch, by and through his undersigned attorneys Paul, Weiss, Rifkind, Wharton & Garrison LLP, responds to the specific

allegations in the Complaint as follows:

1.      Mr. Schorsch need not respond to those allegations in paragraph 1 and footnote 1 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1 and footnote 1, and otherwise denies the allegations, except admits that ARCP is a Real Estate Investment Trust ("REIT"), was registered as a Maryland corporation, and now operates under the name VEREIT, Inc. and that Mr. Schorsch previously served as CEO of ARCP.

2.      Mr. Schorsch need not respond to the allegations in paragraph 2 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 2, and otherwise denies the allegations, except admits that ARCP went public in September 2011, and that ARCP was a publicly traded REIT which generated income from the rent it received from commercial tenants who leased ARCP's properties.

3.      Mr. Schorsch need not respond to the allegations in paragraph 3 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3, and otherwise denies the allegations except admits that ARCP filed a Form 8-K with the SEC on October 29, 2014 which attached a press release as an exhibit (the "October 29, 2014 8-K"), and refers to the entirety of the October 29, 2014 8-K for a complete statement of its contents.

4.      Mr. Schorsch need not respond to those allegations in paragraph 4 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 4, and otherwise denies the allegations, except admits that Lisa P. McAlister filed a verified complaint in the Supreme Court of the State of New York on or about December 18, 2014 asserting claims for defamation against Mr. Schorsch and others ("McAlister Complaint") which was voluntarily dismissed, and refers to the entirety of that complaint for a complete statement of its contents.

5.     Mr. Schorsch need not respond to those allegations in paragraph 5 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 5, and otherwise denies the allegations, except admits that Mr. Schorsch and ARCP entered into a resignation agreement dated December 12, 2014, attached as Exhibit 99.1 to ARCP's Form 8-K dated December 15, 2014, and admits that ARCP filed an Amended 2013 Form 10-K with the SEC on March 2, 2015, and refers to the entirety of that filing for a complete statement of its contents.

6.     Mr. Schorsch need not respond to the allegations in paragraph 6 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 6, and otherwise denies the allegations.

7.     Mr. Schorsch need not respond to the allegations in paragraph 7 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 7, and otherwise denies the allegations.

8.      Paragraph 8 states legal conclusions to which Mr. Schorsch need not respond.  To the extent a response is necessary, Mr. Schorsch admits that Plaintiffs purport to bring claims seeking recoupment of losses suffered by ARCP, and otherwise denies the allegations.

9.      Paragraph 9 states legal conclusions to which Mr. Schorsch need not respond.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 9, and otherwise denies the allegations.

10.     Paragraph 10 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 10 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 10, and otherwise denies the allegations.

11.     Paragraph 11 states legal conclusions to which Mr. Schorsch need not respond. To the extent that a response is necessary, Mr. Schorsch denies the allegations, except admits that certain of the conduct alleged in the Complaint is alleged to have occurred in this District.

12.     Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.     Mr. Schorsch need not respond to the allegations in paragraph 13 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations in

paragraph 13, and otherwise denies the allegations, except admits that ARCP was a publicly traded REIT, was incorporated under Maryland law, generated income from the rent it received from commercial tenants who leased ARCP's properties, and that its common stock traded on the NASDAQ Exchange under the symbol "ARCP" from the time ARCP's common stock began trading on the NASDAQ Global Select Market until the opening of trading on July 31, 2015, at which time it began trading on the New York Stock Exchange under the symbol "VER."

14.     Paragraph 14 states legal conclusions to which Mr. Schorsch need not respond. Mr. Schorsch denies the allegations in paragraph 14, except admits that he served as Chief Executive Officer of ARCP from inception until on or about September 30, 2014, admits that he served as the Chairman of ARCP's Board of Directors from the Company's inception until on or about December 12, 2014, admits that he had an ownership interest in and held an executive officer position at AR Capital, LLC, and admits he is a defendant in the matter captioned *In re American Realty Capital Properties, Inc. Litigation*, No. 1:15-mc-00040-AKH (S.D.N.Y.).

15.     Paragraph 15 states legal conclusions to which Mr. Schorsch need not respond. Mr. Schorsch need not respond to the allegations in paragraph 15 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 15, and otherwise denies the allegations, except admits that David S. Kay joined ARCP as President in or around December, 2013, admits that Mr. Kay was appointed CEO on or around October 1, 2014, admits that Mr. Kay stepped down as CEO on or about December 15, 2014, and admits Mr. Kay is a defendant in the matter captioned *In re American Realty Capital Properties, Inc. Litigation*, No. 1:15-mc-00040-AKH (S.D.N.Y.).

16.     Paragraph 16 states legal conclusions to which Mr. Schorsch need not respond. Mr. Schorsch need not respond to the allegations in paragraph 16 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 16, and otherwise denies the allegations, except admits that William M. Kahane served as ARCP's President, Chief Operating Officer, Treasurer, and as a member of the Board of Directors from ARCP's inception until on or about March 1, 2012, and then again from February 2013 until June 2014, and admits that Mr. Kahane is a defendant in the matter captioned *In re American Realty Capital Properties, Inc. Litigation*, No. 1:15-mc-00040-AKH (S.D.N.Y).

17.     Paragraph 17 states legal conclusions to which Mr. Schorsch need not respond. Mr. Schorsch need not respond to the allegations in paragraph 17 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 17, and otherwise denies the allegations, except admits that Edward M. Weil was ARCP's Executive Vice President and Secretary from its inception until March 2012, and served as President, Chief Operating Officer, Treasurer and as a member of the Board of Directors from March 2012 until January 2014, and admits that Mr. Weil is a defendant in the matter captioned *In re American Realty Capital Properties, Inc. Litigation*, No. 1:15-mc-00040-AKH (S.D.N.Y).

18.     Paragraph 18 states legal conclusions to which Mr. Schorsch need not respond. Mr. Schorsch need not respond to the allegations in paragraph 18 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies

knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 18, and otherwise denies the allegations, except admits that Brian S. Block acted as Chief Financial Officer ("CFO") and Executive Vice President of ARCP from its formation until on or about October 28, 2014, and was Treasurer and Secretary from January 8, 2014 until on or about October 28, 2014, and admits that Mr. Block is a defendant in the matter captioned *In re American Realty Capital Properties, Inc. Litigation*, No. 1:15-mc-00040-AKH (S.D.N.Y).

19.     Paragraph 19 states legal conclusions to which Mr. Schorsch need not respond. Mr. Schorsch need not respond to the allegations in paragraph 19 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 19, and otherwise denies the allegations, except admits that Lisa P. McAlister served as Chief Accounting Officer of ARCP between November 8, 2013 and October 28, 2014, on or about, and admits that Ms. McAlister is a defendant in the matter captioned *In re American Realty Capital Properties, Inc. Litigation*, No. 1:15-mc-00040-AKH (S.D.N.Y).

20.     Paragraph 20 states legal conclusions to which Mr. Schorsch need not respond. Mr. Schorsch need not respond to the allegations in paragraph 20 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 20, and otherwise denies the allegations, except admits that Lisa E. Beeson served as the Company's COO beginning on or around November 7, 2013, and as President beginning on or around October 1, 2014, that she

stepped down from both roles effective on or about December 15, 2014, and admits that Ms.

Beeson is a defendant in the matter captioned *In re American Realty Capital Properties, Inc.*

*Litigation*, No. 1:15-mc-00040-AKH (S.D.N.Y).

21.     Mr. Schorsch need not respond to the allegations in paragraph 21.

22.     Paragraph 22 states legal conclusions to which Mr. Schorsch need not respond.

Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 22 that are

directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 22, and otherwise

denies the allegations.

23.     Paragraph 23 states legal conclusions to which Mr. Schorsch need not respond.

Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 23 that are

directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 23, and otherwise

denies the allegations.

24.     Paragraph 24 states legal conclusions to which Mr. Schorsch need not respond.

Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 24 that are

directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 24, and otherwise

denies the allegations.

25.     Mr. Schorsch need not respond to those allegations in paragraph 25 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 25, and otherwise denies the allegations, except admits that ARCP was a publicly traded REIT which generates income from the rent that it receives from commercial tenants who lease ARCP's properties, and admits that ARCP owned properties that housed businesses including Walgreens, CVS, Citizens Bank, and Red Lobster.

26.     Mr. Schorsch need not respond to the allegations in paragraph 26 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 26, and otherwise denies the allegations, except admits that ARCP went public in 2011, admits that he had an ownership interest in AR Capital, LLC, and admits that ARC Properties Advisors, LLC ("ARC Advisors") was ARCP's external manager during the Class Period until on or about January 8, 2014, and refers to the entirety of the agreements between those entities for the terms of their business dealings.

27.     Mr. Schorsch need not respond to the allegations in paragraph 27 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 27, and otherwise denies the allegations, except admits that he understood that ARCP reported FFO and AFFO on

its SEC filings, and refers to the entirety of ARCP's public statements to investors for a complete statement of their contents regarding FFO and AFFO.

28.     Mr. Schorsch need not respond to those allegations in paragraph 28 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 28, and otherwise denies the allegations, except admits that he understood that ARCP reported AFFO on its SEC filings, and refers to the entirety of ARCP's public statements to investors for a complete statement of their contents regarding AFFO.

29.     Mr. Schorsch need not respond to those allegations in paragraph 29 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 29, and otherwise denies the allegations on the basis they are vague and ambiguous.

30.     Mr. Schorsch need not respond to those allegations in paragraph 30 that are directed solely at other Defendants.  To the extent a response is required, Mr. Schorsch denies the allegations, except admits that on December 19, 2014, *Forbes* published an article entitled "As His Empire Quakes, ARCP Founder Nick Schorsch No Longer A Billionaire," that contained the quoted language, and refers to the entirety of the *Forbes* article for a complete statement of its contents.

31.     Mr. Schorsch need not respond to those allegations in paragraph 31 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 31, and otherwise

denies the allegations, except admits that on November 5, 2014, *The Wall Street Journal*

published an article entitled "For Schorsch, an Empire Under Siege," and refers to the entirety of

*The Wall Street Journal* article for a complete statements of its contents.

32.     Mr. Schorsch need not respond to those allegations in paragraph 32 that are

directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 32, except admits

that Mr. Schorsch was chief executive officer and chairman of American Realty Capital Trust III,

Inc. ("ARCT III") in February 2013, was chief executive officer and chairman of American

Realty Capital Trust IV ("ARCT IV") in December 2013, was an officer of American Realty

Capital Advisors III, LLC and American Realty Capital Advisors IV, LLC, and otherwise denies

the allegations.

33.     Mr. Schorsch need not respond to those allegations in paragraph 33 that are

directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 33, and otherwise

denies the allegations.

34.     Mr. Schorsch need not respond to those allegations in paragraph 34 that are

directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 34, and otherwise

denies the allegations, except admits that on November 5, 2014, *The Wall Street Journal*

published an article entitled "For Schorsch, an Empire Under Siege" and refers to the entirety of *The Wall Street Journal* article for a complete statement of its contents.

35. Mr. Schorsch need not respond to the allegations in paragraph 35 because they are directed solely at other Defendants. To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 35, and otherwise denies the allegations.

36. Mr. Schorsch need not respond to those allegations in paragraph 36 that are directed solely at other Defendants. To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 36, and otherwise denies the allegations.

37. Mr. Schorsch need not respond to those allegations in paragraph 37 that are directed solely at other Defendants. To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 37, and otherwise denies the allegations.

38. Mr. Schorsch need not respond to those allegations in paragraph 38 that are directed solely at other Defendants. To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 38, and otherwise denies the allegations, except admits that on or about February 7, 2014, ARCP completed its acquisition of Cole pursuant to an Agreement and Plan of Merger, dated October 22, 2013, and

admits that ARCP completed its acquisition of ARCT IV on or about January 3, 2014 pursuant to an Agreement and Plan of Merger dated July 1, 2013 and amended on October 6, 2013 and October 11, 2013, and refers to the entirety of those documents for a complete statement of their contents.

39.     Mr. Schorsch need not respond to those allegations in paragraph 39 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 39, and otherwise denies the allegations.

40.     Mr. Schorsch need not respond to those allegations in paragraph 40 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 40, and otherwise denies the allegations.

41.     Mr. Schorsch need not respond to those allegations in paragraph 41 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 41, and otherwise denies the allegations, and refers to the entirety of ARCP's Multi-Year Outperformance Plan ("OPP") for a complete statement of its contents.

42.     Mr. Schorsch need not respond to those allegations in paragraph 42 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 42, and otherwise denies the allegations, and refers to the entirety of the OPP for a complete statement of its contents.

43.     Mr. Schorsch need not respond to those allegations in paragraph 43 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 43, and otherwise denies the allegations, except admits that ARCP filed a Pre-effective Amendment to Form S-11 with the SEC on or about July 5, 2011 ("July 2011 Form S-11 Amendment"), and refers to the entirety of the July 2011 Form S-11 Amendment for a complete statement of its contents.

44.     Mr. Schorsch need not respond to those allegations in paragraph 44 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 44, and otherwise denies the allegations, except admits that ARCP filed a Form 10-K with the SEC on March 19, 2012 for the fiscal year ended December 31, 2011 ("2011 Form 10-K"), admits that his signature appears on the certifications attached as exhibits to that filing, admits that the 2011 Form 10-K contains the quoted language, and refers to the entirety of the 2011 Form 10-K and the attached certifications for a complete statement of their contents.

45.     Mr. Schorsch need not respond to those allegations in paragraph 45 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 45, and otherwise denies the allegations, except admits that his signature appears on the 2011 Form 10-K.

46.     Mr. Schorsch need not respond to those allegations in paragraph 46 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 46, and otherwise denies the allegations, except admits that ARCP filed a Definitive Proxy Statement with the SEC on May 4, 2012 ("May 2012 Proxy"), admits that the May 2012 Proxy contains the quoted language, and refers to the entirety of the May 2012 Proxy for a complete statement of its contents.

47.     Mr. Schorsch need not respond to those allegations in paragraph 47 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 47, and otherwise denies the allegations, except admits that ARCP filed a Form 8-K with the SEC on June 12, 2012 which reported that he was elected to ARCP's Board of Directors for a one-year term at the Company's 2012 Annual Meeting of Stockholders, and refers to the entirety of that filing for a complete statement of its contents.

48.     Mr. Schorsch need not respond to those allegations in paragraph 48 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 48, and otherwise denies the allegations, except admits that ARCP filed a Form 10-K with the SEC on February 28,

2013 for the fiscal year ended December 31 2012 (the "2012 Form 10-K"), admits that his signature appears on the certifications attached as exhibits to that filing, and refers to the entirety of the 2012 Form 10-K and the attached certifications, and the 2011 Form 10-K, for a complete statement of their contents.

49.     Mr. Schorsch need not respond to those allegations in paragraph 49 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 49, and otherwise denies the allegations, except admits that his signature appears on the 2012 Form 10-K.

50.     Mr. Schorsch need not respond to those allegations in paragraph 50 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 50, and otherwise denies the allegations, except admits that ARCP filed a Definitive Proxy Statement with the SEC on April 30, 2013 ("April 2013 Proxy") and refers to the entirety of the April 2013 Proxy, 2012 Form 10-K, and May 2012 Proxy for a complete statement of their contents.

51.     Mr. Schorsch need not respond to those allegations in paragraph 51 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 51, and otherwise denies the allegations, except admits that ARCP filed a Form 8-K with the SEC on June 10, 2013 which reported that he was elected to ARCP's Board of Directors for a one-year term at the

Company's 2013 Annual Meeting of Stockholders, and refers to the entirety of that filing for a complete statement of its contents.

52.     Mr. Schorsch need not respond to those allegations in paragraph 52 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 52, and otherwise denies the allegations, except admits that ARCP filed Prospectus Supplements on July 23, 2013 ("July 23, 2013 Prospectus Supplement") and July 25, 2013 ("July 25, 2013 Prospectus Supplement") and refers to the entirety of the July 23, 2013 Prospectus Supplement, the July 25, 2013 Prospectus Supplement, the 2012 Form 10-K, and first quarter 2013 Form 10-Q ("1Q13 Form 10-Q") for a complete statement of their contents.

53.     Mr. Schorsch need not respond to those allegations in paragraph 53 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 53, and otherwise denies the allegations, except admits that ARCP filed Prospectus Supplements on December 5, 6 and 9, 2013, filed a Free Writing Prospectus on December 5, 2013 (collectively, the "December 2013 Reopening Materials"), and refers to the entirety of the December 2013 Reopening Materials for a complete statement of their contents, and further refers to the 2012 Form 10-K, 1Q13 Form 10-Q, second quarter 2013 Form 10-Q ("2Q13 Form 10-Q"), and third quarter 2013 Form 10-Q ("3Q13 Form 10-Q") for a complete statement of their contents.

54.     Mr. Schorsch need not respond to those allegations in paragraph 54 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 54 and otherwise denies the allegations, except admits that on or around February 6, 2014, ARCP completed a $2.55 billion February Notes Offering of 2.0% Senior Notes due February 6, 2017, 3.0% Senior Notes due February 6, 2019, and 4.6% Senior Notes due February 6, 2024 pursuant to a Private Offering Memorandum (the "February 2014 Private Offering Memorandum") and refers to the entirety of the February 2014 Private Offering Memorandum for a complete statement of its contents, and further refers to the entirety of the 2012 Form 10-K, 1Q13 Form 10-Q, 2Q13 Form 10-Q, and 3Q13 Form 10-Q for a complete statement of their contents.

55.     Mr. Schorsch need not respond to those allegations in paragraph 55 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 55, and otherwise denies the allegations, except admits that ARCP filed a Form 10-K with the SEC on February 27, 2014 for the fiscal year ended December 31, 2013 ("2013 Form 10-K"), admits that his signature appears on the certifications attached as exhibits to that filing, and refers to the entirety of the 2013 Form 10-K and the attached certifications, and the 2011 Form 10-K, for a complete statement of their contents.

56.     Mr. Schorsch need not respond to those allegations in paragraph 56 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 56, and otherwise denies the allegations, except admits that his signature appears on the 2013 Form 10-K.

57.    Mr. Schorsch need not respond to those allegations in paragraph 57 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 57, and otherwise denies the allegations, except admits that ARCP filed a Definitive Proxy Statement with the SEC on April 29, 2014 ("April 2014 Proxy") that contained the quoted language, and refers to the entirety of the April 2014 Proxy and 2013 Form 10-K for a complete statement of their contents.

58.    Mr. Schorsch need not respond to those allegations in paragraph 58 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 58, and otherwise denies the allegations, except admits that ARCP filed a Form 8-K with the SEC on June 2, 2014 which reported that he was elected to ARCP's Board of Directors for a one-year term at the Company's 2014 Annual Meeting of Stockholders and refers to the entirety of that filing for a complete statement of its contents.

59.    Mr. Schorsch need not respond to the allegations in paragraph 59 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 59, and otherwise denies the allegations, except admits that ARCP issued a press release on May 8, 2014 announcing its financial results for the first quarter of 2014 ("1Q14"), attached as exhibit 99.1 to a Form 8-K, that contains the quoted language, and refers to the entirety of that filing and exhibit for a complete statement of its contents.

60.     Mr. Schorsch need not respond to those allegations in paragraph 60 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 60, and otherwise denies the allegations, except admits that ARCP filed a Form 10-Q with the SEC on May 8, 2014 for the period ended March 31, 2014 ("1Q14 Form 10-Q"), admits that his signature appears on that filing, admits that his signature appears on the certifications attached as exhibits to that filing, and refers to the entirety of the 1Q14 Form 10-Q and the attached certifications for a complete statement of their contents.

61.     Mr. Schorsch need not respond to the allegations in paragraph 61 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 61, and otherwise denies the allegations, and refers to the entirety of the ARCP's Amended Form 10-Q for the First Quarter of 2014 for a complete statement of its contents.

62.     Mr. Schorsch need not respond to those allegations in paragraph 62 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 62, and otherwise denies the allegations, except admits that ARCP filed a preliminary Prospectus Supplement with the SEC on May 21, 2014 ("May 21, 2014 Preliminary Prospectus Supplement"), and a Prospectus Supplement with the SEC on May 23, 2014 ("May 23, 2014 Prospectus Supplement"), and refers to the entirety of the May 21, 2014 Preliminary Prospectus

Supplement, May 23, 2014 Prospectus Supplement, the 2012 Form 10-K, the 2013 Form 10-K, and the 1Q14 Form 10-Q for a complete statement of their contents.

63.     Mr. Schorsch need not respond to the allegations in paragraph 63 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 63, and otherwise denies the allegations.

64.     Mr. Schorsch need not respond to those allegations in paragraph 64 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 64, and otherwise denies the allegations, except admits that ARCP issued a release on July 29, 2014 announcing its financial results for the second quarter of 2014 ("2Q14"), attached as exhibit 99.1 to a Form 8-K, and refers to the entirety of that filing and exhibit for a complete statement of their contents.

65.     Mr. Schorsch need not respond to those allegations in paragraph 65 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 65, and otherwise denies the allegations, except admits that ARCP filed a Form 10-Q with the SEC on July 29, 2014 for 2Q14 ("2Q14 Form 10-Q"), admits that his signature appears on that filing, admits that his signature appears on the certifications attached as exhibits to that filing, and refers to the entirety of the 2Q14 Form 10-Q and the attached certifications for a complete statement of their contents.

66.     Mr. Schorsch need not respond to the allegations in paragraph 66 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 66, and otherwise denies the allegations, and refers to the entirety of ARCP's Amended Form 10-Q for the Second Quarter of 2014 for a complete statement of its contents.

67.     Mr. Schorsch need not respond to those allegations in paragraph 67 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 67, and otherwise denies the allegations, except admits that ARCP issued a release, and filed a Form 8-K with the SEC on October 29, 2014 (the "October 29, 2014 Form 8-K"), and refers to the entirety of the October 29, 2014 Form 8-K for a complete statement of its contents.

68.     Mr. Schorsch need not respond to the allegations in paragraph 68 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 68, and otherwise denies the allegations, except admits that ARCP issued a release on October 29, 2014, attached as exhibit 99.2 to a Form 8-K, and refers to the entirety of that filing and exhibit for a complete statement of its contents.

69.     Mr. Schorsch need not respond to the allegations in paragraph 69 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 69, and otherwise denies the allegations, except admits that ARCP issued a release on October 29, 2014, attached as exhibit 99.2 to a Form 8-K, that contains the quoted language, and refers to the entirety of that filing and exhibit for a complete statement of its contents.

70.    Mr. Schorsch need not respond to the allegations in paragraph 70 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies the allegations in paragraph 70, and otherwise denies the allegations, except admits that the closing price for ARCP's common stock was $12.38 per share on October 28, 2014, as reported by Bloomberg, and admits that the closing price for ARCP's common stock was $10.00 per share on October 29, 2014, as reported by Bloomberg.

71.    Mr. Schorsch need not respond to the allegations in paragraph 71 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 71, and otherwise denies the allegations, except admits that, on October 29, 2014, *The Wall Street Journal* published an article about ARCP, and refers to the entirety of *The Wall Street Journal* article for a complete statement of its contents.

72.    Mr. Schorsch need not respond to the allegations in paragraph 72 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 72, and otherwise denies the allegations, and refers to the entirety of the referenced October 30, 2014 conference call transcript for a complete statement of its contents.

73.     Mr. Schorsch need not respond to those allegations in paragraph 73 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 73, and otherwise denies the allegations.

74.     Mr. Schorsch need not respond to the allegations in paragraph 74 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 74, and otherwise denies the allegations, except admits that, on October 31, 2014, *Reuters* published an article about ARCP, and refers to the entirety of the *Reuters* article for a complete statement of its contents.

75.     Mr. Schorsch need not respond to the allegations in paragraph 75 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 75, and otherwise denies the allegations.

76.     Mr. Schorsch need not respond to the allegations in paragraph 76 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 76, and otherwise denies the allegations, except admits that RCS Capital issued a release on November 3, 2014 that contained the quoted language and refers to the entirety of that release for a complete statement of its contents.

77.     Mr. Schorsch need not respond to the allegations in paragraph 77 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 77, and otherwise denies the allegations, except admits that the closing price of ARCP's common stock was $7.85 per share on November 3, 2014, as reported by Bloomberg.

78.     Mr. Schorsch need not respond to the allegations in paragraph 78 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 78, and otherwise denies the allegations, except admits that, on November 5, 2014, *Bloomberg* published an article about ARCP that contained the quoted language, and refers to the entirety of the *Bloomberg* article for a complete statement of its contents.

79.     Mr. Schorsch need not respond to those allegations in paragraph 79 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 79, and otherwise denies the allegations, except admits that, on November 7, 2014, *The Wall Street Journal* published an article about ARCP that contained the quoted language, and refers to the entirety of *The Wall Street Journal* article for a complete statement of its contents.

80.     Paragraph 80 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 80 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 80, and otherwise denies the allegations, except admits that ARCP filed a Form 8-K with the SEC on November

14, 2014 that contained the quoted language, and refers to the entirety of that filing and exhibit for a complete statement of its contents.

81.     Mr. Schorsch need not respond to those allegations in paragraph 81 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 81, and otherwise denies the allegations, except admits that except admits that ARCP filed a Form 8-K on or about December 15, 2014 that contained the quoted language, and attached a release as exhibit 99.6 to the Form 8-K that contained the quoted language, and refers to the entirety of that filing and exhibit for a complete statement of their contents.

82.     Mr. Schorsch need not respond to the allegations in paragraph 82 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 82, and otherwise denies the allegations.

83.     Mr. Schorsch need not respond to those allegations in paragraph 83 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 83, and otherwise denies the allegations, except admits that Lisa P. McAlister filed the McAlister Complaint, which was voluntarily dismissed, and refers to the entirety of that complaint for a complete statement of its contents.

84.     Mr. Schorsch need not respond to those allegations in paragraph 84 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 84, and otherwise denies the allegations, except admits that the McAlister Complaint contains the quoted language, and refers to the entirety of that complaint for a complete statement of its contents.

85.     Mr. Schorsch need not respond to those allegations in paragraph 85 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 85, and otherwise denies the allegations, except admits that the McAlister Complaint contains the quoted language, and refers to the entirety of that complaint for a complete statement of its contents.

86.     Mr. Schorsch need not respond to the allegations in paragraph 86 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 86, and otherwise denies the allegations, except admits that the McAlister Complaint contains the quoted language, and refers to the entirety of that complaint for a complete statement of its contents.

87.     Mr. Schorsch need not respond to those allegations in paragraph 87 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 87, and otherwise denies the allegations, except admits that the McAlister Complaint was voluntarily dismissed and

a Stipulation of Discontinuance was filed on February 19, 2015 in the matter captioned *Lisa Pavelka McAlister v. ARCP Capital Properties, Inc., et al.*, Index No. 162499/2014 (Sup. Ct. N.Y. Cnty.), and refers to the entirety of that stipulation for a complete statement of its contents.

88.     Mr. Schorsch need not respond to the allegations in paragraph 88 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 88, and otherwise denies the allegations.

89.     Mr. Schorsch need not respond to the allegations in paragraph 89 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 89, and otherwise denies the allegations.

90.     Mr. Schorsch need not respond to the allegations in paragraph 90 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 90, and otherwise denies the allegations, except admits that ARCP issued a release on March 2, 2015 announcing the completion of its restatement and filing of its Amended 2013 Form 10-K, Amended 1Q14 Form 10-Q, and Amended 2Q14 Form 10-Q, attached as exhibit 99.1 to a Form 8-K, and refers to the entirety of those filings and exhibits for a complete statement of its contents.

91.     Mr. Schorsch need not respond to the allegations in paragraph 91 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 91, and otherwise

denies the allegations, except admits that ARCP filed a Form 10-Q with the SEC on March 2,

2015 for the period ended September 30, 2014 ("3Q14 Form 10-Q") that contained the quoted

language, and refers to the entirety of the 3Q14 Form 10-Q for a complete statement of its

contents.

92.     Mr. Schorsch need not respond to those allegations in paragraph 92 that are

directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 92, and otherwise

denies the allegations, except admits that ARCP filed an Amended 2013 Form 10-K with the

SEC on March 2, 2015, and refers to the entirety of the 2013 Form 10-K and Amended 2013

Form 10-K for a complete statement of their contents.

93.     Mr. Schorsch need not respond to the allegations in paragraph 93 because they are

directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 93, and otherwise

denies the allegations, except admits that ARCP filed an Amended Form 10-Q with the SEC on

March 2, 2015 for the period ended March 31, 2014 ("Amended 1Q14 Form 10-Q"), and refers

to the entirety of the Amended 1Q14 Form 10-Q for a complete statement of its contents.

94.     Mr. Schorsch need not respond to the allegations in paragraph 94 because they are

directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 94, and otherwise

denies the allegations, except admits that ARCP filed an Amended Form 10-Q with the SEC on

March 2, 2015 for the period ended June 30, 2014 ("Amended 2Q14 Form 10-Q") that contains

the quoted language, and refers to the entirety of the Amended 2Q14 Form 10-Q for a complete

statement of its contents.

95.    Mr. Schorsch need not respond to the allegations in paragraph 95 because they are

directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 95, and otherwise

denies the allegations.

96.    Mr. Schorsch need not respond to the allegations in paragraph 96 because they are

directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 96, and otherwise

denies the allegations, except admits that ARCP filed a Form 10-K with the SEC on March 30,

2015 for the fiscal year ended December 31, 2014 ("2014 Form 10-K") that contains the

unaltered quoted language, and refers to the entirety of the 2014 Form 10-K for a complete

statement of its contents.

97.    Paragraph 97 states legal conclusions to which Mr. Schorsch need not respond.

Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 97 that are

directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 97, and otherwise denies the allegations.

98.     Paragraph 98 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 98 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 98, and otherwise denies the allegations.

99.     Paragraph 99 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 99 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 99, and otherwise denies the allegations.

100.    Paragraph 100 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 100 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 100, and otherwise denies the allegations.

101.    Paragraph 101 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to those allegations in paragraph 101 that are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 101, and otherwise

denies the allegations.

102.   Mr. Schorsch denies knowledge and information sufficient to form a belief as to

the truth of the allegations in paragraph 102.

103.   Mr. Schorsch denies knowledge and information sufficient to form a belief as to

the truth of the allegations in paragraph 103.

104.   Paragraph 104 states legal conclusions to which Mr. Schorsch need not respond.

Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 104 because they are

directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 104, and otherwise

denies the allegations.

105.   Mr. Schorsch need not respond to the allegations in paragraph 105 because they

are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 105, and otherwise

denies the allegations.

106.   Mr. Schorsch need not respond to the allegations in paragraph 106 because they

are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 106, and otherwise

denies the allegation.

107.     Mr. Schorsch need not respond to the allegations in paragraph 107 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 107, and otherwise denies the allegations.

108.     Paragraph 108 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 108 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 108, and otherwise denies the allegations.

109.     Mr. Schorsch need not respond to the allegations in paragraph 109 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 109, and otherwise denies the allegations.

110.     Mr. Schorsch need not respond to the allegations in paragraph 110 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 110, and otherwise denies the allegations.

111.     Mr. Schorsch need not respond to the allegations in paragraph 111 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 111, and otherwise denies the allegations.

112.    Mr. Schorsch need not respond to the allegations in paragraph 112 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 112, and otherwise denies the allegations.

113.    Mr. Schorsch need not respond to the allegations in paragraph 113 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 113, and otherwise denies the allegations.

114.    Mr. Schorsch need not respond to the allegations in paragraph 114 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 114, and otherwise denies the allegations.

115.    Mr. Schorsch need not respond to the allegations in paragraph 115 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 115, and otherwise denies the allegations.

116.     Mr. Schorsch need not respond to the allegations in paragraph 116 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 116, and otherwise denies the allegations.

117.     Mr. Schorsch need not respond to the allegations in paragraph 117 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 117, and otherwise denies the allegations.

118.     Paragraph 118 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 118 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 118, and otherwise denies the allegations.

119.     Mr. Schorsch need not respond to the allegations in paragraph 119 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 119, and otherwise denies the allegations.

120.     Paragraph 120 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 120 because they are

directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 120, and otherwise denies the allegations.

121.    Paragraph 121 and footnote 2 state legal conclusions to which Mr. Schorsch need not respond.  Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 121 and footnote 2 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 121 and footnote 2, and otherwise denies the allegations.

122.    Paragraph 122 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 122 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 122, and otherwise denies the allegations.

123.    Mr. Schorsch need not respond to the allegations in paragraph 123 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 123, and otherwise denies the allegations.

124.    Mr. Schorsch need not respond to the allegations in paragraph 124 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 124, and otherwise denies the allegations.

125.    Paragraph 125 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 125 and footnote 3 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 125 and footnote 3, and otherwise denies the allegations, except admits that Thomas A. Andruskevich, Bruce D. Frank, and William G. Stanley are defendants in the matter captioned *In re American Realty Capital Properties, Inc. Litigation*, No. 1:15-mc-00040-AKH (S.D.N.Y.), and admits that in that matter, as of June 18, 2015, Defendants Andruskevich, Frank, and Stanley were subject to claims brought under §§ 11, 12(a)(2), and 15 of the 1933 Act, and claims under § 20(a) of the Securities Exchange Act of 1934.

126.    Mr. Schorsch need not respond to the allegations in paragraph 126 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 126, and otherwise denies the allegations.

127.    Paragraph 127 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 127 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 127, and otherwise denies the allegations.

128.     Paragraph 128 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 128 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 128, and otherwise denies the allegations.

129.     Paragraph 129 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 129 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 129, and otherwise denies the allegations.

130.     Paragraph 130 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 130 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 130, and otherwise denies the allegations.

131.     Paragraph 131 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 131 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 131, and otherwise denies the allegations.

132.    Mr. Schorsch need not respond to the allegations in paragraph 132 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 132, and otherwise denies the allegations.

133.    Paragraph 133 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 133 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 133, and otherwise denies the allegations.

134.    Paragraph 134 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 134 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 134, and otherwise denies the allegations.

135.    Paragraph 135 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 135 and footnote 4 because they are directed solely at other Defendants.  To the extent that a response is necessary,

Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 135 and footnote 4, and otherwise denies the allegations.

136.    Paragraph 136 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 136 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 136, and otherwise denies the allegations.

137.    Mr. Schorsch need not respond to the allegations in paragraph 137 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 137, and otherwise denies the allegations.

138.    Mr. Schorsch need not respond to the allegations in paragraph 138 and footnote 5 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 138 and footnote 5, and otherwise denies the allegations, except admits that October 29, 2014 Form 8-K contains the quoted language, and refers to the entirety of that filing for a complete statement of its contents.

139.    Mr. Schorsch need not respond to the allegations in paragraph 139 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 139, and otherwise denies the allegations.

140.    Paragraph 140 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 140 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 140, and otherwise denies the allegations.

141.    Paragraph 141 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 141 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 141, and otherwise denies the allegations.

142.    Paragraph 142 states legal conclusions to which Mr. Schorsch need not respond. To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations, and otherwise denies the allegations.

143.    Mr. Schorsch repeats and incorporates by reference herein his responses to each and every allegation set forth above, and otherwise denies the allegations in paragraph 143.

144.    Paragraph 144 states legal conclusions to which Mr. Schorsch need not respond. To the extent a response is necessary, Mr. Schorsch denies the allegations in paragraph 144.

145.     Paragraph 145 states legal conclusions to which Mr. Schorsch need not respond. To the extent a response is necessary, Mr. Schorsch denies the allegations in paragraph 145.

146.     Paragraph 146 states legal conclusions to which Mr. Schorsch need not respond. To the extent a response is necessary, Mr. Schorsch denies the allegations in paragraph 146.

147.     Paragraph 147 states legal conclusions to which Mr. Schorsch need not respond. To the extent a response is necessary, Mr. Schorsch denies the allegations in paragraph 147.

148.     Paragraph 148 states legal conclusions to which Mr. Schorsch need not respond. To the extent a response is necessary, Mr. Schorsch denies the allegations in paragraph 148.

149.     Mr. Schorsch repeats and incorporates by reference herein his responses to each and every allegation set forth above, and otherwise denies the allegations in paragraph 149.

150.     Paragraph 150 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 150 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 150, and otherwise denies the allegations.

151.     Paragraph 151 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 151 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 151, and otherwise denies the allegations, except admits that David S. Kay joined ARCP as President in or around

December 2013 until he was appointed CEO on or around October 1, 2014 and admits that Mr.

Kay stepped down as CEO on or about December 15, 2014.

152.    Paragraph 152 states legal conclusions to which Mr. Schorsch need not respond.

Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 152 because they are

directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 152, and otherwise

denies the allegations.

153.    Paragraph 153 states legal conclusions to which Mr. Schorsch need not respond.

Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 153 because they are

directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 153, and otherwise

denies the allegations.

154.    Paragraph 154 states legal conclusions to which Mr. Schorsch need not respond.

Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 154 because they are

directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 154, and otherwise

denies the allegations.

155.    Mr. Schorsch repeats and incorporates by reference herein his responses to each

and every allegation set forth above, and otherwise denies the allegations in paragraph 155.

156.     Paragraph 156 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 156 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 156, and otherwise denies the allegations.

157.     Paragraph 157 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 157 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 157, and otherwise denies the allegations, except admits that William M. Kahane served as ARCP's President, Chief Operating Officer, Treasurer, and as a member of the Board of Directors from ARCP's inception until on or about March 1, 2012, and then again from February 2013 until June 2014.

158.     Paragraph 158 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 158 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 158, and otherwise denies the allegations.

159.     Paragraph 159 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 159 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 159, and otherwise denies the allegations.

160.    Paragraph 160 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 160 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 160, and otherwise denies the allegations.

161.    Mr. Schorsch repeats and incorporates by reference herein his responses to each and every allegation set forth above, and otherwise denies the allegations in paragraph 161.

162.    Paragraph 162 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 162 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 162, and otherwise denies the allegations.

163.    Paragraph 163 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 163 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 163, and otherwise denies the allegations, except admits that Edward M. Weil was ARCP's Executive Vice

President and Secretary from its inception until March 2012, and served as President, Chief Operating Officer, Treasurer and as a member of the Board of Directors from March 2012 until January 2014.

164.   Paragraph 164 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 164 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 164, and otherwise denies the allegations.

165.   Paragraph 165 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 165 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 165, and otherwise denies the allegations.

166.   Paragraph 166 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 166 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 166, and otherwise denies the allegations.

167.   Mr. Schorsch repeats and incorporates by reference herein his responses to each and every allegation set forth above, and otherwise denies the allegations in paragraph 167.

168.     Paragraph 168 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 168 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 168, and otherwise denies the allegations.

169.     Paragraph 169 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 169 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 169, and otherwise denies the allegations, except admits that Brian S. Block acted as CFO of ARCP from its inception until on or about October 28, 2014.

170.     Paragraph 170 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 170 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 170, and otherwise denies the allegations.

171.     Paragraph 171 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 171 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations

regarding the purported actions and conduct of others referred to in paragraph 171, and otherwise denies the allegations.

172.    Paragraph 172 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 172 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 172, and otherwise denies the allegations.

173.    Mr. Schorsch repeats and incorporates by reference herein his responses to each and every allegation set forth above, and otherwise denies the allegations in paragraph 173.

174.    Paragraph 174 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 174 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 174, and otherwise denies the allegations.

175.    Paragraph 175 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 175 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 175, and otherwise denies the allegations, except admits that Lisa P. McAlister served as Chief Accounting Officer of ARCP between November 8, 2013 and October 28, 2014, on or about.

176.     Paragraph 176 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 176 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 176, and otherwise denies the allegations.

177.     Paragraph 177 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 177 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 177, and otherwise denies the allegations.

178.     Paragraph 178 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 178 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 178, and otherwise denies the allegations.

179.     Mr. Schorsch repeats and incorporates by reference herein his responses to each and every allegation set forth above, and otherwise denies the allegations in paragraph 179.

180.     Paragraph 180 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 180 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch

denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 180, and otherwise denies the allegations.

181.    Paragraph 181 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 181 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 181, and otherwise denies the allegations, except admits that Lisa E. Beeson served as the Company's COO beginning on or around November 7, 2013, and as President beginning on or around October 1, 2014, that she stepped down from both roles effective on or about December 15, 2014.

182.    Paragraph 182 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 182 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 182, and otherwise denies the allegations.

183.    Paragraph 183 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 183 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 183, and otherwise denies the allegations.

184.     Paragraph 184 states legal conclusions to which Mr. Schorsch need not respond. Furthermore, Mr. Schorsch need not respond to the allegations in paragraph 184 because they are directed solely at other Defendants.  To the extent that a response is necessary, Mr. Schorsch denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding the purported actions and conduct of others referred to in paragraph 184, and otherwise denies the allegations.

### PRAYER FOR RELIEF

Answering Plaintiffs' prayer for relief, Mr. Schorsch denies that Plaintiffs are entitled to relief against Mr. Schorsch.

### JURY DEMAND

Answering Plaintiffs' demand for a jury trial, Mr. Schorsch admits that Plaintiffs purport to demand a jury trial, and otherwise denies the allegations in this demand.

* * *

## ADDITIONAL DEFENSES

As additional defenses, defendant Nicholas S. Schorsch alleges, asserts and avers the following, which apply to each and every cause of action asserted in the Amended Verified Shareholder Derivative Complaint against Mr. Schorsch to which such defense is or may be applicable. By virtue of alleging these further defenses, Mr. Schorsch does not assume any burden of proof, persuasion or production not otherwise legally assigned to him. Mr. Schorsch also does not concede that facts contrary to one or more of the averments that follows would support liability as to him. Mr. Schorsch reserves all rights to assert other defenses as appropriate.

## FIRST DEFENSE

Plaintiffs lack standing in whole or in part to assert the claims alleged in the Amended Verified Shareholder Derivative Complaint.

## SECOND DEFENSE

Plaintiffs' derivative claims should be dismissed for failure to comply with Federal Rule of Civil Procedure 23.1.

## THIRD DEFENSE

The Amended Verified Shareholder Derivative Complaint fails to state any claim against Mr. Schorsch upon which relief can be granted.

## FOURTH DEFENSE

At all times, and with respect to all matters contained herein, Mr. Schorsch acted on an informed basis, in good faith and in a manner he reasonably believed to be in the best interests of ARCP, and his actions are therefore protected by the business judgment rule.

## FIFTH DEFENSE

At all times, and with respect to all matters contained herein, Mr. Schorsch exercised reasonable care, and did not breach any fiduciary, contractual, or any other legal duty he may have owed to Plaintiffs or ARCP.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Mr. Schorsch acted at all times in good faith, in accordance with applicable law and without knowledge of any wrongful acts or intent. Any and all actions taken by Mr. Schorsch were, at all times, lawful, proper and consistent with his duties and obligations, and Mr. Schorsch did not otherwise have any obligations or duty to take any other or different action.

## SEVENTH DEFENSE

The claims asserted in the Amended Verified Shareholder Derivative Complaint are barred because Mr. Schorsch relied, in good faith, and was entitled to rely, on advice and information provided by ARCP's accountants, auditors, consultants, and other professional advisors.

## EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs have not alleged injuries that were proximately caused by Mr. Schorsch's alleged breach of fiduciary duty.

## NINTH DEFENSE

Plaintiffs and ARCP did not suffer any loss, damages or injury from any of the conduct alleged in the Amended Verified Shareholder Derivative Complaint.

## TENTH DEFENSE

Plaintiffs' claims against Mr. Schorsch are barred, in whole or in part, by the protections set forth in Article 8 (Section 8.01) of the Articles of Amendment and Restatement

for ARCP, Section 2-405.2 of the Maryland Code, and Section 5-418 of the Courts and Judicial

Proceedings Article.

## ELEVENTH DEFENSE

Plaintiffs' claim for punitive damages is barred because any alleged misconduct

did not rise to the level required to impose punitive damages.

## TWELFTH DEFENSE

To the extent that facts that will be discovered in this matter give rise to them,

Mr. Schorsch advances the defenses of assumption of risk, estoppel, waiver, laches, unclean

hands, contributory negligence, and comparative fault.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations

## FOURTEENTH DEFENSE

Mr. Schorsch hereby adopts and incorporates by reference any and all other

defenses asserted or to be asserted by any other defendant to the extent Defendants may share in

such defenses.

## FIFTEENTH DEFENSE

Mr. Schorsch reserves the right to assert and pursue additional defenses, including

any that may become known through discovery or otherwise.

## ADDITIONAL DEFENSES RESERVED

Mr. Schorsch hereby gives notice that he may rely on other defenses if and when

such defenses become known during the course of the litigation, and hereby reserves the right to

amend his answer and to assert any additional defenses, cross-claims, counterclaims, and third

party claims as they become known or available.

## PRAYER FOR RELIEF

**WHEREFORE,** Mr. Schorsch prays for relief and judgment:

A.  Denying Plaintiffs the relief sought in the Amended Verified Shareholder Derivative Complaint;

B.  Dismissing the Amended Verified Shareholder Derivative Complaint with prejudice;

C.  Ordering that Plaintiffs take nothing and that judgment be entered against Plaintiff;

D.  Awarding Mr. Schorsch costs and expenses, including counsel and expert fees; and

E.  Granting such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          July 22, 2016

Respectfully submitted,

PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP

By:    /s/ Audra J. Soloway
       Theodore V. Wells Jr.
       Daniel J. Kramer
       Lorin L. Reisner
       Audra J. Soloway
       Justin D. Lerer
       Joshua D. Kaye

1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000
twells@paulweiss.com

*Attorneys for Defendant Nicholas S. Schorsch*