UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOANNE WITCHKO, Derivatively on Behalf of Nominal Defendant AMERICAN REALTY CAPITAL PROPERTIES, INC., | Lead Case No. 15-cv-6043-AKH |
| Plaintiff, | (Consolidated with Case No. 15-cv-8563-AKH) |
| v. | |
| NICHOLAS S. SCHORSCH, et al., | |
| Defendants, | |
| and | |
| AMERICAN REALTY CAPITAL PROPERTIES, INC., | |
| Nominal Defendant. | |

## DEFENDANT BRIAN S. BLOCK'S ANSWER TO THE
## AMENDED VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

Defendant Brian S. Block ("Mr. Block"), by and through his counsel, answers and responds to Plaintiff's Amended Verified Shareholder Derivative Complaint, filed June 30, 2016 (the "Complaint").[1]

### PRELIMINARY STATEMENT

Mr. Block is aware that various government agencies, including but not limited to the United States Department of Justice, the United States Securities and Exchange Commission, and the Securities Division of the Commonwealth of Massachusetts, are conducting investigations into certain accounting and financial reporting activities of American Realty

---

[1] All responses herein are based on information known to Mr. Block as of the date hereof, and Mr. Block reserves his right to supplement or amend his responses based on new information.

Capital Properties, Inc. ("ARCP"). In light of the foregoing, Mr. Block reasonably fears a substantial and real possibility of a criminal prosecution resulting from matters potentially included within the scope of the allegations in the Complaint. Mr. Block enjoys the same protections of the self-incrimination clause of the Fifth Amendment to the United States Constitution (the "Fifth Amendment") as do all other persons who are subject to criminal prosecution in a jurisdiction in which the Fifth Amendment applies. It is Mr. Block's express intent in this Answer to claim the fullest possible protection of the United States and New York Constitutions in responding to the Complaint. Mr. Block does not intend by any of his responses to waive such protection and requests that, in cases of any doubt or ambiguity, his responses be construed as an assertion rather than a waiver of such privilege. Mr. Block also reserves his right to amend his responses without compromising his rights under the Fifth Amendment.

## SUMMARY OF THE ACTION[2]

1.      Mr. Block admits the allegations set forth in the first sentence of Paragraph 1. Mr. Block denies the allegations set forth in the second sentence of Paragraph 1, except admits that Nicholas S. Schorsch is the former CEO of ARCP.

2.      Mr. Block admits the first and third sentences of Paragraph 2. Mr. Block denies the allegations set forth in the second and fourth sentences of Paragraph 2.

3.      It appears that the allegations in Paragraph 3 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required. To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

---

[2] Mr. Block is not required to respond to the headings set forth in the Complaint because they are not factual allegations.

4.      It appears that the allegations in Paragraph 4 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

5.      It appears that the allegations in Paragraph 5 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  The third sentence of Paragraph 5 also appears to state a conclusion of law, to which no response is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment.

6.      It appears that the allegations in Paragraph 6 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

7.      It appears that the allegations in Paragraph 7 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  The allegations in the third and sixth sentences of Paragraph 7 also appear to state conclusions of law, to which no responsive pleading is required.   To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

8.      Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8.

## JURISDICTION AND VENUE

9.      It appears that the allegations in Paragraph 9 state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

10.      It appears that the allegations in Paragraph 10 state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

11.     It appears that the allegations in Paragraph 11 state conclusions of law, to which no responsive pleading is required. To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

<u>**THE PARTIES**</u>

<u>**Plaintiff**</u>

12.     Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12.

<u>**Nominal Defendant**</u>

13.     Mr. Block admits the allegations set forth in the first, second, third, fourth, fifth, and sixth sentences of Paragraph 13. It appears that the allegations contained in the seventh sentence of Paragraph 13 state conclusions of law, to which no response is required.

<u>**Individual Defendants**</u>

14.     It appears that the allegations in Paragraph 14 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required. To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

15.     It appears that the allegations in Paragraph 15 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required. To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

16.     It appears that the allegations in Paragraph 16 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required. To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

17.     It appears that the allegations in Paragraph 17 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

18.     Mr. Block denies the allegations set forth in the first sentence of Paragraph 18, except admits that he served as ARCP's Chief Financial Officer and Executive Vice President from its formation, and as its Treasurer and Secretary from January 8, 2014, until his resignation on October 28, 2014. Mr. Block admits the allegations set forth in the third and fourth sentences of Paragraph 18.  Mr. Block denies the allegations set forth in the eighth sentence of Paragraph 18.  As to the remaining allegations in Paragraph 18, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

19.     It appears that the allegations in Paragraph 19 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

20.     It appears that the allegations in Paragraph 20 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

21.     It appears that the allegations in Paragraph 21 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required. To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

## DUTIES OF THE INDIVIDUAL DEFENDANTS

22.     It appears that the allegations in Paragraph 22 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

23.     It appears that the allegations in Paragraph 23 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

24.     It appears that the allegations in Paragraph 24 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

## SUBSTANTIVE ALLEGATIONS

### A.     Background

25.     Mr. Block admits the allegations contained in the first sentence of Paragraph 25. Mr. Block denies the allegations set forth in the remaining sentences in Paragraph 25.

26.     It appears that the allegations in the second, third, fourth, and fifth sentences of Paragraph 26 are directed at persons or entities other than Mr. Block, to which no response is required.  As to the allegations set forth in the first sentence of Paragraph 26, Mr. Block refers to the publicly available information regarding ARCP's stock price.  As to the remaining allegations set forth in Paragraph 26, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

6

27.     It appears that the allegations of Paragraph 27 are directed at persons or entities other than Mr. Block, to which no response is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

28.     The allegations in the first sentence of Paragraph 28 purport to summarize ARCP's public filings; Mr. Block refers to the filings referenced in the first sentence of Paragraph 28 for their complete contents.  The allegations in the second sentence of Paragraph 28 appear to be directed at persons or entities other than Mr. Block, to which no response is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

**B.      Defendant Schorsch's Tangled Web of Related Entities**

29.     It appears that the allegations in Paragraph 29 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

30.     It appears that the allegations in Paragraph 30 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  Paragraph 30 purports to quote from a December 19, 2014 *Forbes* article; Mr. Block refers to the article referenced in Paragraph 30 for its complete contents.  As to the remaining allegations in Paragraph 30, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

31.     It appears that the allegations in Paragraph 31 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required. Paragraph 31 purports to quote from a November 5, 2014 *Wall Street Journal* article; Mr. Block refers to the article referenced in Paragraph 31 for its complete contents. As to the remaining allegations in Paragraph 31, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

32.     It appears that the allegations in Paragraph 32 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

33.     It appears that the allegations in Paragraph 33 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

**C.     ARCP's Acquisition Spree**

34.     It appears that the allegations in Paragraph 34 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  Paragraph 34 purports to quote from a *Wall Street Journal* article; Mr. Block refers to the article referenced in Paragraph 34 for its complete contents.  As to the remaining allegations in Paragraph 34, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

35.     It appears that the allegations in Paragraph 35 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

36.     It appears that the allegations in Paragraph 36 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

37.     It appears that the allegations in Paragraph 37 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  To the extent that a

response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

38.     It appears that the allegations in Paragraph 38 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

39.     It appears that the allegations in Paragraph 39 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

40.     It appears that the allegations in Paragraph 40 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

### D.     The Individual Defendants Granted Each Other Excessive Compensation

41.     It appears that the allegations in Paragraph 41 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

42.     It appears that the allegations in Paragraph 42 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

E.     **The Misleading and Inaccurate Statements**

43.     It appears that that the allegations in Paragraph 43 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required. Paragraph 43 purports to describe the contents of a Form S-11; Mr. Block refers to the filing referenced in Paragraph 43 for its complete contents. As to the remaining allegations in Paragraph 43, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

44.     It appears that the allegations in Paragraph 44 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required. Paragraph 44 purports to describe the contents of a Form 10-K; Mr. Block refers to the financial statements referenced in Paragraph 44 for their complete contents. As to the remaining allegations in Paragraph 44, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

45.     It appears that the allegations in Paragraph 45 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required. Paragraph 45 purports to describe the contents of a Form 10-K; Mr. Block refers to the filing referenced in Paragraph 45 for its complete contents. As to the remaining allegations in Paragraph 45, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

46.     It appears that the allegations in Paragraph 46 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required. Paragraph 46 purports to describe the contents of a proxy statement; Mr. Block refers to the financial statements referenced in Paragraph 46 for their complete contents. As to the remaining allegations in Paragraph 46, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

47.     It appears that the allegations in Paragraph 47 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required. Paragraph 47

purports to describe the contents of a June 12, 2012 Form 8-K; Mr. Block refers to the filing referenced in Paragraph 47 for its complete contents. As to the remaining allegations in Paragraph 47, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

48.     It appears that the allegations in Paragraph 48 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required. Paragraph 48 purports to describe a 2012 Form 10-K; Mr. Block refers to the 2012 Form 10-K for its complete contents. As to the remaining allegations in Paragraph 48, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

49.     It appears that the allegations in Paragraph 49 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required. Paragraph 49 purports to describe a 2012 Form 10-K; Mr. Block refers to the filing referenced in Paragraph 49 for its complete contents. As to the remaining allegations in Paragraph 49, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

50.     It appears that the allegations in Paragraph 50 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required. Paragraph 50 purports to describe a proxy statement; Mr. Block refers to the proxy statement referenced in Paragraph 50 for its complete contents. As to the remaining allegations in Paragraph 50, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

51.     It appears that the allegations in Paragraph 51 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required. Paragraph 51 purports to describe a June 10, 2013 Form 8-K; Mr. Block refers to the filing referenced in Paragraph 51 for its complete contents. As to the remaining allegations in Paragraph 51, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

52.     It appears that the allegations in Paragraph 52 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  Paragraph 52 purports to describe a preliminary prospectus and a preliminary prospectus supplement; Mr. Block refers to the filings referenced in Paragraph 52 for their complete contents.  As to the remaining allegations in Paragraph 52, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

53.     It appears that the allegations in Paragraph 53 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  Paragraph 53 purports to describe December 4, 2013 offering materials; Mr. Block refers to the filings referenced in Paragraph 53 for their complete contents.  As to the remaining allegations in Paragraph 53, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

54.     It appears that the allegations in Paragraph 54 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  Paragraph 54 purports to describe February 6, 2014 offering materials; Mr. Block refers to the filings referenced in Paragraph 54 for their complete contents.  As to the remaining allegations in Paragraph 54, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

55.     It appears that the allegations in Paragraph 55 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  Paragraph 55 purports to describe a 2013 Form 10-K; Mr. Block refers to the filing referenced in Paragraph 55 for its complete contents.  As to the remaining allegations in Paragraph 55, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

56.     It appears that the allegations in Paragraph 56 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is

required.  Paragraph 56 purports to describe a Form 10-K; Mr. Block refers to the filing referenced in Paragraph 56 for its complete contents.  As to the remaining allegations in Paragraph 56, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

57.     It appears that the allegations in Paragraph 57 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  Paragraph 57 purports to describe an April 29, 2014 proxy statement; Mr. Block refers to the proxy statement referenced in Paragraph 57 for its complete contents.  As to the remaining allegations in Paragraph 57, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

58.     It appears that the allegations in Paragraph 58 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required.  Paragraph 58 purports to describe a June 2, 2014 Form 8-K; Mr. Block refers to the filing referenced in Paragraph 58 for its complete contents.  As to the remaining allegations in Paragraph 58, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

59.     It appears that the allegations in Paragraph 59 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  Paragraph 59 purports to quote a May 8, 2014 press release; Mr. Block refers to the filing referenced in Paragraph 59 for its complete contents.  As to the remaining allegations in Paragraph 59, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

60.     It appears that the allegations in Paragraph 60 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  Paragraph 60 purports to describe a Form 10-Q; Mr. Block refers to the filing referenced in Paragraph 60 for its complete contents.  As to the remaining allegations in Paragraph 60, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

61.     It appears that the allegations in Paragraph 61 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

62.     It appears that the allegations in Paragraph 62 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required.  Paragraph 62 purports to describe a preliminary prospectus supplement and prospectus supplement; Mr. Block refers to the filings referenced in Paragraph 62 for their complete contents. As to the remaining allegations in Paragraph 62, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

63.     It appears that the allegations in Paragraph 63 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  Paragraph 63 purports to quote a June 3, 2014 letter; Mr. Block refers to the letter referenced in Paragraph 63 for its complete contents.  As to the remaining allegations in Paragraph 63, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

64.     It appears that the allegations in Paragraph 64 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  Paragraph 64 purports to quote a July 29, 2014 press release; Mr. Block refers to the filing referenced in Paragraph 64 for its complete contents.  As to the remaining allegations in Paragraph 64, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

65.     It appears that the allegations in Paragraph 65 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  Paragraph 65 purports to describe a Form 10-Q; Mr. Block refers to the filing referenced in Paragraph 65 for

14

its complete contents.  As to the remaining allegations in Paragraph 65, Mr. Block asserts his

rights under the Fifth Amendment and declines to answer.

      66.     It appears that the allegations in Paragraph 66 are directed to individuals or

entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is

required.  Paragraph 66 purports to describe a Form 10-Q and press release; Mr. Block refers to

the filings referenced in Paragraph 66 for their complete contents.  As to the remaining

allegations in Paragraph 66, Mr. Block asserts his rights under the Fifth Amendment and declines

to answer.

      **F.**     **The Truth Begins To Be Revealed**

      67.     It appears that the allegations in Paragraph 67 are directed to individuals or

entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is

required.  Paragraph 67 purports to quote a Form 8-K; Mr. Block refers to the filing referenced in

Paragraph 67 for its complete contents.  As to the remaining allegations in Paragraph 67, Mr.

Block asserts his rights under the Fifth Amendment and declines to answer.

      68.     It appears that the allegations in Paragraph 68 are directed to individuals or

entities other than Mr. Block, to which no responsive pleading is required.  Paragraph 68

purports to describe a press release; Mr. Block refers to the press release referenced in Paragraph

68 for its complete contents.  As to the remaining allegations in Paragraph 68, Mr. Block asserts

his rights under the Fifth Amendment and declines to answer.

      69.     It appears that the allegations in Paragraph 69 are directed to individuals or

entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is

required.  Paragraph 69 purports to describe a press release; Mr. Block refers to the press release

referenced in Paragraph 69 for its complete contents.  As to the remaining allegations in

Paragraph 69, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

70.     Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 70 and refers to publicly-available information regarding ARCP's stock price.

71.     It appears that the allegations in Paragraph 71 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  Paragraph 71 purports to quote an October 29, 2014 *Wall Street Journal* article; Mr. Block refers to the article referenced in Paragraph 71 for its complete contents.  As to the remaining allegations in Paragraph 71, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

72.     It appears that the allegations in Paragraph 72 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 72 and refers to the transcript of the conference call referenced in Paragraph 72 for its complete contents.  As to the remaining allegations in Paragraph 72, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

73.     It appears that the allegations in Paragraph 73 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

74.     It appears that the allegations in Paragraph 74 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

75.     It appears that the allegations in Paragraph 75 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

76.     It appears that the allegations in Paragraph 76 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  Paragraph 76 purports to quote a November 3, 2014 press release; Mr. Block refers to the press release referenced in Paragraph 76 for its complete contents.  As to the remaining allegations in Paragraph 76, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

77.     Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 77 and refers to publicly-available information regarding ARCP's stock price for a true and accurate description of ARCP's stock price.

78.     Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 78 and refers to the article referenced in Paragraph 78 for its complete contents.

79.     Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 79 and refers to the article referenced in Paragraph 79 for its complete contents.

80.     Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 80 and refers to the filing referenced in Paragraph 80 for its complete contents.

81.     Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 81 and refers to the filing referenced in Paragraph 81 for its complete contents.

82.     Mr. Block lacks sufficient knowledge and information to form a belief as to the contents of the allegations in Paragraph 82.

### G.     McAlister Sues ARCP, Schorsch, and Kay for Defamation

83.     It appears that the allegations in Paragraph 83 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  Paragraph 83 purports to describe a December 18, 2014 complaint; Mr. Block refers to the filing referenced in Paragraph 83 for its complete contents.  As to the remaining allegations in Paragraph 83, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

84.     It appears that the allegations in Paragraph 84 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  Paragraph 84 purports to describe a December 18, 2014 complaint; Mr. Block refers to the complaint referenced in Paragraph 84 for its complete contents.  As to the remaining allegations in Paragraph 84, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

85.     It appears that the allegations in Paragraph 85 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  Paragraph 85 purports to describe a December 18, 2014 complaint; Mr. Block refers to the complaint referenced in Paragraph 85 for its complete contents.  As to the remaining allegations in Paragraph 85, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

86.     It appears that the allegations in Paragraph 86 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  Paragraph 86 purports to describe a December 18, 2014 complaint; Mr. Block refers to the complaint

referenced in Paragraph 86 for its complete contents.  As to the remaining allegations in Paragraph 86, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

87.     Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 87.

88.     Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 88 and refers to the letter referenced in Paragraph 88 for its complete contents.

89.     Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 89 and refers to the letter referenced for its complete contents.

**H.     The Restatement**

90.     It appears that the allegations in Paragraph 90 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  Paragraph 90 purports to quote from a March 2, 2015 press release; Mr. Block refers to the press release referenced in Paragraph 90 for its complete contents.  As to the remaining allegations in Paragraph 90, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

91.     It appears that the allegations in Paragraph 91 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  Paragraph 91 purports to quote from a third quarter 2014 Form 10-Q; Mr. Block refers to the press release referenced in Paragraph 91 for its complete contents.  As to the remaining allegations in Paragraph 91, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

92.     It appears that the allegations in Paragraph 92 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required.  The first and third sentences of Paragraph 92 also state conclusions of law to which no response is required.

19

Paragraph 92 purports to quote from an amended 2013 Form 10-K; Mr. Block refers to the filing referenced in Paragraph 92 for its complete contents. As to the remaining allegations in Paragraph 92, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

93. It appears that the allegations in Paragraph 93 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required. Paragraph 93 purports to describe an amended first quarter 2014 Form 10-Q; Mr. Block refers to the filing referenced in Paragraph 93 for its complete contents. As to the remaining allegations in Paragraph 93, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

94. It appears that the allegations in Paragraph 94 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required. Paragraph 94 purports to describe an amended second quarter 2014 Form 10-Q; Mr. Block refers to the filing referenced in Paragraph 94 for its complete contents. As to the remaining allegations in Paragraph 94, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

95. Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 95 and refers to the letter referenced in Paragraph 95 for its complete contents.

96. It appears that the allegations in Paragraph 96 are directed to individuals or entities other than Mr. Block, to which no responsive pleading is required. Paragraph 96 purports to quote from a 2014 Form 10-K; Mr. Block refers to the filing referenced in Paragraph 96 for its complete contents. As to the remaining allegations in Paragraph 96, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

## REASONS WHY ARCP'S FINANCIAL STATEMENTS WERE
## INACCURATE AND MISLEADING

97.     It appears that the allegations in Paragraph 97 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

98.     It appears that the allegations in Paragraph 98 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

99.     It appears that the allegations in Paragraph 99 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

100.     It appears that the allegations in Paragraph 100 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

## DERIVATIVE AND DEMAND ALLEGATIONS

101.     Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 101.

102.     Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 102.

103.    Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 103.

104.    Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 104.

105.    Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 105.

106.    Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 106.

107.    Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 107.

108.    Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 108.

109.    Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 109.

110.    Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 110.

111.    Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 111.

112.    Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 112.

113.    Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 113.

114.    To Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 114.

115.    Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 115.

116.    Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 116.

117.    Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 117.

118.    Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 118.

119.    Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 119.

120.    Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 120.

121.    Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 121.

122.    Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 122.

123.    Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 123.

124.    Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 124.

A.     **The Board Did Not Act Independently**

125.     Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 125.

126.     Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 126.

127.     Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 127.

128.     Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 128.

129.     Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 129.

B.     **The Board Failed To Conduct A Reasonable Investigation**

130.     Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 130.

131.     Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 131.

132.     Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 132.

133.     Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 133.

134.     Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 134.

135.     Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 135.

136.    Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 136.

137.    Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 137.

138.    Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 138.

139.    Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 139.

140.    Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 140.

141.    Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 141.

142.    Mr. Block lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 142.

## COUNT I
## BREACH OF FIDUCIARY DUTY AS TO DEFENDANT SCHORSCH

143.    Mr. Block repeats and incorporates by reference herein his respective responses set forth in the preceding Paragraphs.

144.    It appears that the allegations in Paragraph 144 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

145.    It appears that the allegations in Paragraph 145 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is

required.  To the extent that ta response is required, Mr. Block asserts his rights under the Fifth

Amendment and declines to answer.

146.    It appears that the allegations in Paragraph 146 are directed to individuals or

entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is

required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth

Amendment and declines to answer.

147.    It appears that the allegations in Paragraph 147 are directed to individuals or

entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is

required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth

Amendment and declines to answer.

148.    It appears that the allegations in Paragraph 148 are directed to individuals or

entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is

required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth

Amendment and declines to answer.

## COUNT II
## BREACH OF FIDUCIARY DUTY AS TO DEFENDANT KAY

149.    Mr. Block repeats and incorporates by reference herein his respective responses

set forth in the preceding Paragraphs.

150.    It appears that the allegations in Paragraph 150 are directed to individuals or

entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is

required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth

Amendment and declines to answer.

151.    It appears that the allegations in Paragraph 151 are directed to individuals or

entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is

required. To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

152. It appears that the allegations in Paragraph 152 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required. To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

153. It appears that the allegations in Paragraph 153 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required. To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

154. It appears that the allegations in Paragraph 154 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required. To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

## COUNT III
## BREACH OF FIDUCIARY DUTY AS TO DEFENDANT KAHANE

155. Mr. Block repeats and incorporates by reference herein his respective responses set forth in the preceding Paragraphs.

156. It appears that the allegations in Paragraph 156 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required. To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

157. It appears that the allegations in Paragraph 157 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is

required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

158.    It appears that the allegations in Paragraph 158 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

159.    It appears that the allegations in Paragraph 159 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

160.    It appears that the allegations in Paragraph 160 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

## COUNT IV
## BREACH OF FIDUCIARY DUTY AS TO DEFENDANT WEIL

161.    Mr. Block repeats and incorporates by reference herein his respective responses set forth in the preceding Paragraphs.

162.    It appears that the allegations in Paragraph 162 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

163.    It appears that the allegations in Paragraph 163 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is

required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

164.    It appears that the allegations in Paragraph 164 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

165.    It appears that the allegations in Paragraph 165 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

166.    It appears that the allegations in Paragraph 166 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

## COUNT V
## BREACH OF FIDUCIARY DUTY AS TO DEFENDANT BLOCK

167.    Mr. Block repeats and incorporates by reference herein his respective responses set forth in the preceding Paragraphs.

168.    It appears that the allegations in Paragraph 168 state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

169.    It appears that the allegations in Paragraph 169 state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

170.    It appears that the allegations in Paragraph 170 state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

171.    It appears that the allegations in Paragraph 171 state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

172.    It appears that the allegations in Paragraph 172 state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

**COUNT VI**
**BREACH OF FIDUCIARY DUTY AS TO DEFENDANT McALISTER**

173.    Mr. Block repeats and incorporates by reference herein his respective responses set forth in the preceding Paragraphs.

174.    It appears that the allegations in Paragraph 174 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

175.    It appears that the allegations in Paragraph 175 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

176.    It appears that the allegations in Paragraph 176 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is

required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

177.    It appears that the allegations in Paragraph 177 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

178.    It appears that the allegations in Paragraph 178 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

## COUNT VII
## BREACH OF FIDUCIARY DUTY AS TO DEFENDANT BEESON

179.    Mr. Block repeats and incorporates by reference herein his respective responses set forth in the preceding Paragraphs.

180.    It appears that the allegations in Paragraph 180 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

181.    It appears that the allegations in Paragraph 181 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, to which no responsive pleading is required.  To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

182.    It appears that the allegations in Paragraph 182 are directed to individuals or entities other than Mr. Block and/or state conclusions of law, and therefore, no responsive

31

pleading is required. To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to answer.

183.   It appears that the allegations in Paragraph 183 are directed to individuals or entities other than Mr. Block and/or state conclusion of law, and therefore, no responsive pleading is required. To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to respond.

184.   It appears that the allegations in Paragraph 184 are directed to individuals or entities other than Mr. Block and/or state conclusion of law, to which no responsive pleading is required. To the extent that a response is required, Mr. Block asserts his rights under the Fifth Amendment and declines to respond.

### PRAYER FOR RELIEF

Answering Plaintiff's Prayer for Relief, Mr. Block denies that Plaintiff is entitled to any of the relief she purportedly seeks in the Complaint or any other relief.

### JURY DEMAND

Answering Plaintiff's demand for a jury trial, Mr. Block admits that Plaintiff purports to demand a jury trial and otherwise denies the allegations in this demand.

### AFFIRMATIVE DEFENSES

As separate affirmative defenses to the Complaint, Mr. Block alleges the following, which apply to each and every cause of action asserted in the Complaint against him to which such defense is or may be applicable. By alleging these separate and additional defenses, Mr. Block does not assume any burden of proof, persuasion, or production not otherwise legally assigned to him. Mr. Block reserves all rights to assert other defenses as appropriate.

### First Affirmative Defense

The Court lacks subject-matter jurisdiction over the claims alleged in the Complaint.

32

### Second Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted against Mr. Block.

### Third Affirmative Defense

The Complaint fails to comply with the particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

### Fourth Affirmative Defense

Mr. Block is not liable for Plaintiff's damages, if any, pursuant to Md. Cts. & Jud. Proc. Code § 5-418 and Article 8 of the Articles of Amendment and Restatement for ARCP.

### Fifth Affirmative Defense

Plaintiff's action is improperly brought, and cannot be maintained, as a derivative action pursuant to Rule 23.1 of the Federal Rules of Civil Procedure.

### Sixth Affirmative Defense

Plaintiff lacks standing to bring the claims alleged in the Complaint.

### Seventh Affirmative Defense

Plaintiff's action is barred, in whole or in part, because Plaintiff failed to make a proper demand on ARCP's board of directors and/or ARCP's board of directors properly refused Plaintiff's demand.

### Eighth Affirmative Defense

Plaintiff and/or ARCP failed to mitigate damages in whole or in part.

### Ninth Affirmative Defense

Plaintiff's claims for damages against Mr. Block are remote, uncertain, speculative and without basis in law or in fact.

**Tenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or laches.

**Eleventh Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**Twelfth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**Thirteenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**Fourteenth Affirmative Defense**

Plaintiff's claims are barred in whole or in part by the doctrine of consent.

**Fifteenth Affirmative Defense**

Plaintiff's claims are barred in whole or in part by the doctrine of ratification.

**Sixteenth Affirmative Defense**

Damages, if any, of the named Plaintiff and members of the purported plaintiff class resulted from the acts or omissions of third parties other than Mr. Block.

**Seventeenth Affirmative Defense**

The damages, if any, alleged in the Complaint were directly and proximately caused, in whole or in part, by superseding or intervening conduct for which Mr. Block cannot be held liable.

**Eighteenth Affirmative Defense**

If Plaintiff sustained any damages under the circumstances alleged in the Complaint, Mr. Block is entitled to an offset of any and all such recoveries, including, but not limited to, the following: (i) all proceeds Plaintiff received or will receive in settlement of all or some of her

claims pursuant to any applicable statute, rule or regulation; (ii) any payments that Plaintiff recovered or will recover from others; (iii) any payments that Plaintiff recovered or will recover from insurance; (iv) any payments that Plaintiff recovered or will recover in any proceeding, criminal, civil, foreign, domestic or otherwise, against the perpetrators of the fraud; and (vi) any redemptions or sales.

### Nineteenth Affirmative Defense

Plaintiff's claims for punitive damages are barred because any alleged misconduct did not rise to the level required to impose punitive damages under New York law.

### Twentieth Affirmative Defense

The claims asserted in the Complaint are barred because the conduct alleged in the Complaint was not intentional, was believed to be lawful, proper, and fair, and was the result of mistake of fact or mistake of law.

### Twenty-First Affirmative Defense

Plaintiff's claims against Mr. Block fail because the conduct alleged in the Complaint is protected by the business judgment rule.

### Twenty-Second Affirmative Defense

Mr. Block presently has insufficient knowledge or information upon which to form a belief as to whether he may have other, unstated, defenses. Mr. Block reserves the right to supplement this Answer and to assert other defenses, when and if they become appropriate in this action.

### Twenty-Third Affirmative Defense

Mr. Block hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other Defendant in this case, to the extent such defenses are applicable to Mr. Block.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Block respectfully requests:

A.      judgment dismissing the Amended Verified Shareholder Derivative Complaint
        with prejudice; and

B.      such other and further relief as this Court may deem just and proper.


Dated: July 22, 2016
       New York, New York

### STEPTOE & JOHNSON LLP

By:     /s/ Michael C. Miller
        _____
        Michael C. Miller
        Michael G. Scavelli
        1114 Avenue of the Americas
        New York, NY 10036
        Telephone: 212-506-3900
        Facsimile: 202-506-3950
        1114 Avenue of the Americas
        New York, NY 10036

        Lara E. Romansic
        Molly Bruder Fox (admitted *pro hac vice*)
        1330 Connecticut Avenue, NW
        Washington, DC 20036
        Telephone: 202-429-3000
        Facsimile: 202-429-3902

        *Attorneys for Defendant Brian S. Block*