UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 10-4-19

| | |
|---|---|
| JOANNE WITCHKO, Derivatively on Behalf of Nominal Defendant AMERICAN REALTY CAPITAL PROPERTIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> NICHOLAS S. SCHORSCH, et al., <br><br> Defendants, <br><br> -and- <br><br> AMERICAN REALTY CAPITAL PROPERTIES, INC., <br><br> Nominal Defendant. | Lead Case No. 1:15-cv-06043-AKH <br><br> (Consolidated with Case No. 1:15-cv-08563-AKH) |

## ORDER PRELIMINARILY APPROVING
## DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, the parties to the above-captioned consolidated stockholder derivative action (the "Action") have made an application, pursuant to Federal Rule of Civil Procedure 23.1, for an order: (i) preliminarily approving the Stipulation and Agreement of Settlement dated September 27, 2019 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the Action with prejudice; and (ii) approving the form and content of the Notice to Current VEREIT Stockholders, substantially in the form attached to the Stipulation as Exhibit A-1 ("Long Form Notice"), and the Summary Notice of Proposed Settlement of Stockholder Derivative Action, substantially in the form attached to the Stipulation as Exhibit A-2 ("Summary Notice") (collectively, "Notice");

1

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (unless otherwise defined herein); and

WHEREAS, the Court has read and considered the Stipulation and the exhibits annexed thereto, and all Settling Parties have consented to the entry of this Preliminary Approval Order.

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Action.

2. A hearing (the "Settlement Hearing") shall be held before the Court and the Honorable Alvin K. Hellerstein on January 21, 2020 at 11:00 a.m.,[1] at the U.S. District Court for the Southern District of New York, Courtroom 14D, 500 Pearl Street, New York, New York 10007, to determine: (i) whether the terms and conditions of the Settlement set forth in the Stipulation are fair, reasonable, and adequate to VEREIT and Current VEREIT Stockholders and should be finally approved by the Court; (ii) whether a Judgment finally approving the Settlement, substantially in the form of Exhibit C attached to the Stipulation, should be entered, dismissing the Action with prejudice and releasing and enjoining the prosecution of any and all Released Claims, Defendant Parties' Released Claims, and NVSD Released Claims, except as otherwise set forth in the Stipulation; and (iii) whether the Fee Award should be finally approved. At the Settlement Hearing, the Court may hear or consider such other matters as the Court may deem necessary and appropriate.

---

[1] The Settling Parties respectfully request that the Settlement Hearing be scheduled at least forty-five (45) days after the deadline for providing notice of the proposed Settlement to Current VEREIT Stockholders, but in no event before the settlement hearing in the Class Action.

2

3. The Court approves, as to form and content, the Long Form Notice attached as Exhibit A-1 to the Stipulation and the Summary Notice attached as Exhibit A-2 to the Stipulation, and finds that the posting of the Long Form Notice and the Summary Notice substantially in the manner and form set forth in this Order meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to Current VEREIT Stockholders and all other Persons entitled thereto.

4. Within ten (10) calendar days after the Court's entry of the Preliminary Approval Order, VEREIT shall cause a press release to be issued that contains the contents of the Long Form Notice, and referring the Current VEREIT Stockholders to VEREIT's Investor Relations webpage, located at http://ir.vereit.com/, for more information, as well as file a current report on Form 8-K with the Securities & Exchange Commission referencing such press release. VEREIT's Investor Relations webpage shall include a link to the aforementioned press release, the Stipulation, and the Preliminary Approval Order. In addition, within ten (10) calendar days after the Court's entry of the Preliminary Approval Order, VEREIT shall cause the Summary Notice to be published once in *Investor's Business Daily*.

5. All papers in support of the Settlement and the Fee Award shall be filed with the Court and served at least thirty-five (35) calendar days prior to the Settlement Hearing, any papers in opposition to the Settlement or the Fee Award shall be filed with the Court and served at least twenty-one (21) calendar days prior to the Settlement Hearing, and any reply papers shall be filed with the Court at least seven (7) calendar days prior to the Settlement Hearing.

6. Any Current VEREIT Stockholder may object and/or appear and show cause, if he, she, or it has any concern regarding why the Settlement should not be finally approved as fair, reasonable, and adequate, why the Judgment should not be entered thereon, or why the Fee Award

should not be finally approved; provided, however, that unless otherwise ordered by the Court, no Current VEREIT Stockholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the Fee Award, unless that stockholder has, at least twenty-one (21) calendar days prior to the Settlement Hearing: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth: (a) the stockholder's name, legal address, telephone number and e-mail address; (b) proof of ownership of VEREIT common stock on September 27, 2019 and through the date of the filing of the objection, including the number of shares of VEREIT common stock held and the date of purchase; (c) the nature of the objection; including any and all documentation or evidence in support of such objection; (d) the identities of any cases, by name, court, and docket number, in which the stockholder or his, her, or its attorney has objected to a settlement in the last three years; and (e) the signature of the stockholder making the objection or his, her, or its counsel; and (2) if a Current VEREIT Stockholder intends to appear and requests to be heard at the Settlement Hearing, such stockholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court: (a) a written notice of such stockholder's intention to appear at the Settlement Hearing; (b) a statement that indicates the basis for such appearance; (c) the identities of any witnesses the stockholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony; and (d) any and all evidence that would be presented at the Settlement Hearing. If a Current VEREIT Stockholder files a written objection and/or written notice of intent to appear, such stockholder must also simultaneously serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such stockholder files with the Court (either by hand delivery or by first class mail) upon each of the following:

4

Robert I. Harwood
Matthew M. Houston
Benjamin I. Sachs-Michaels
GLANCY PRONGAY & MURRAY LLP
712 Fifth Avenue, 31st Floor
New York, NY 10019
Tel: (212) 935-7400

*Plaintiff's Counsel*


Theodore V. Wells Jr.
Daniel J. Kramer
Lorin L. Reisner
Audra J. Soloway
Christopher L. Filburn
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000

*Counsel for Nicholas S. Schorsch*

Reid M. Figel
Rebecca A. Beynon
Andrew E. Goldsmith
Bradley E. Oppenheimer
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900

*Counsel for AR Capital, LLC, ARC
Properties Advisors, LLC, Scott J. Bowman,
Peter M. Budko, Brian D. Jones, William
M. Kahane, and Edward M. Weil*

Scott A. Edelman
Antonia M. Apps
Jed M. Schwartz
Jonathan Ohring
MILBANK LLP
55 Hudson Yards
New York, New York 10001
Tel: (212) 530-5000

*Counsel for Nominal Defendant American
Realty Capital Properties, Inc. (n/k/a
VEREIT, Inc.)*

James P. Gillespie
Beth Mueller
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue NW
Washington, D.C. 20004
Tel: (202) 389-5000


*Counsel for David Kay*

Guy Petrillo
Dan Goldman
PETRILLO KLEIN & BOXER LLP
655 Third Avenue, 22nd Floor
New York, NY 10017
Tel: (212) 370-0330



*Counsel for Lisa Beeson*

5

John P. MacNaughton  
Eric A. Larson  
1600 Atlanta Financial Center  
343 Peachtree Road, N.E.  
Atlanta, GA 30326  
Tel: (404) 233-7000  

*Counsel for Scott P. Sealy, Sr.*

Christopher L. Garcia  
Richard W. Slack  
Evert J. Christensen, Jr.  
Adam Bookman  
Raquel Kellert  
WEIL, GOTSHAL & MANGES LLP  
767 Fifth Avenue  
New York, NY 10153  

*Counsel for Thomas A. Andruskevich,*  
*Leslie D. Michelson, Edward G. Rendell,*  
*William G. Stanley, and Bruce D. Frank*

Adam L. Fotiades  
ZUCKERMAN SPAEDER LLP  
1800 M Street NW, Suite 1000  
Washington, DC 20036-5807  
Tel: (202) 778-1800  

Daniel P. Moylan  
ZUCKERMAN SPAEDER LLP  
100 East Pratt Street, Suite 2440  
Baltimore, MD 21202-1031  
Tel: (410) 332-0444  

*Counsel for Lisa McAlister*

Gary F. Bendinger  
SIDLEY AUSTIN LLP  
787 Seventh Avenue  
New York, NY 10019  
Tel: (212) 839-5300  

Bruce R. Braun  
Melanie E. Walker  
Kendra L. Stead  
SIDLEY AUSTIN LLP  
One South Dearborn  
Chicago, IL 60603  
Tel: (312) 853-7000  

*Counsel for Grant Thornton LLP*

Michael C. Miller  
Michael G. Scavelli  
STEPTOE & JOHNSON LLP  
1114 Avenue of the Americas  
New York, NY 10036  
Tel: (212) 506-3900  

*Counsel for Brian Block*

Any Current VEREIT Stockholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement and the Fee Award as set forth in the Stipulation, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered, the dismissal of the Action with prejudice, and any and all of the releases set forth in the Stipulation.

7. At least ten (10) business days prior to the Settlement Hearing, VEREIT's Counsel shall serve on Matthew M. Houston, Glancy Prongay & Murray LLP, 712 Fifth Avenue, 31st Floor, New York, NY 10019 and file with the Court, proof, by affidavit or declaration, of the publication, filing, and posting of the Notice.

8. All Current VEREIT Stockholders shall be bound by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Current VEREIT Stockholders.

9. Pending final determination of whether the Settlement should be approved, none of Plaintiffs, Plaintiffs' Counsel, VEREIT or any Current VEREIT Stockholders or other Persons shall commence, continue, or prosecute, or in any way instigate or participate in the commencement, continuation, or prosecution of, any action or proceeding asserting any Released Claims against any of the Non-VEREIT Settling Defendants, or any other Released Person, in any court or tribunal.

10. Pending final determination of whether the Settlement should be approved, the Non-VEREIT Settling Defendants shall not commence, continue, prosecute, or in any way instigate or participate in the commencement, continuation, or prosecution of, any action or

proceeding asserting any NVSD Released Claims against VEREIT Released Persons, in any court or tribunal.

11.   The fact and terms of the Stipulation, including any exhibits attached thereto, all proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a)   shall not be offered, received, or used in any way against the Settling Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission by any of the Settling Parties with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Derivative Actions or in any litigation, or the deficiency or infirmity of any defense that has been or could have been asserted in the Derivative Actions or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Persons or VEREIT Released Persons;

(b)   shall not be offered, received, or used in any way against any of the Released Persons or VEREIT Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Person or VEREIT Released Persons, or against Plaintiffs as evidence of any infirmity in their claims; or

(c)   shall not be offered, received, or used in any way against any of the Released Persons or VEREIT Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Persons

or VEREIT Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance thereof, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement; provided, however, the Released Persons and VEREIT Released Persons may refer to the Settlement, and file the Stipulation and/or the Judgment, in any action that may be brought against them to effectuate the liability protections granted them thereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

12. If the Stipulation is terminated pursuant to its terms, or the Effective Date does not otherwise occur, all proceedings in the Action will revert to their status as of the date immediately preceding the date of the Stipulation.

13. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current VEREIT Stockholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Current VEREIT Stockholders.

IT IS SO ORDERED.

DATED: Oct. 4, 2019

HONORABLE ALVIN K. HELLERSTEIN