UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOANNE WITCHKO, Derivatively on Behalf of
Nominal Defendant AMERICAN REALITY
CAPITAL PROPERTIES, INC.,

                              Plaintiff,

          v.

NICHOLAS S. SCHORSCH, et al.,

                              Defendants,

and

AMERICAN REALITY CAPITAL PROPERTIES,
INC.,

                              Nominal Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/14/2020

Lead Case No. 15-cv-6043-AKH

(Consolidated with Case No. 15-cv-8563-AKH)

So ordered
1-14-20

## NOTICE OF MOTION AND MOTION FOR LEAVE
## TO FILE UNDER SEAL DOCUMENTS

PLEASE TAKE NOTICE that pursuant to Rule 4(B)(i) of this Court's Individual Rules

of Practice and the Joint Stipulation and Protective Order entered by the Court in *In Re American*

*Capital Properties, Inc. Litigation*, Civ. No. 1:15-mc-00040-AKH on November 15, 2016 (ECF

No. 324) (the "Protective Order"), Derivative Plaintiffs, by their attorneys, hereby move the Court

for leave to file under seal Exhibits E-DD to the Supplemental Declaration of Matthew M.

Houston In Support Of Derivative Counsel's Motions For Final Approval Of Derivative Settlement

And Award Of Attorney's Fees And Reimbursement Of Expenses. Exhibits E-DD are the billing

and expense records for Plaintiffs Derivative Counsel. Although these exhibits will be provided

to counsel of record in this action, Derivative Counsel believe such billing records are subject to

the attorney client privilege and should be withheld from public disclosure.

In New York, bills detailing an attorney's work on behalf of the client are clearly privileged. *Ehrich v. Binghampton City School Dist., et al.*, 210 F.R.D. 17, 20 (N.D.N.Y. 2002). In *De La Roche v. De La Roche,* 209 A.D.2d 157, 159, 617 N.Y.S.2d 767, 769 (App. Div. 1st Dep't 1994), the Appellate Division stated:

> [B]ills showing services, conversations, and conferences between counsel and others are protected from disclosure. To allow access to such material would disclose discovery and trial strategy, and reveal the factual investigation and legal work that has been done by [the party's] attorneys.

(*quoting Licensing Corp. v. National Hockey League Players Ass'n.,* 153 Misc. 2d 126, 127–28, 580 N.Y.S.2d 128 (Sup. Ct. N.Y. County 1992) (holding, pursuant to CPLR 4503, attorney bills that were detailed diaries showing services, conversations, and conferences were privileged since, "[a]lthough the documents themselves do not provide legal advice to [the client], disclosure would reveal certain privileged communications")). New York courts have uniformly adhered to this principle. *Teich v. Teich,* 245 A.D.2d 41, 665 N.Y.S.2d 859 (App. Div. 1st Dep't 1997); *Eisic Trading Corp. v. Somerset Marine, Inc.*, 212 A.D.2d 451, 622 N.Y.S. 2d 728 (App. 1st Dep't Div. 1995); *Orange County Publ'n, Inc. v. County of Orange,* 168 Misc. 2d 346, 637 N.Y.S.2d 596 (Sup. Ct. Orange County1995).

Although Derivative Plaintiffs have designated Exhibits D-EE as privileged and confidential, pursuant to Paragraph 5(a) of the Protective Order and this Court's Individual Rule 4, Derivative Plaintiffs are contemporaneously: (a) submitting copies of Exhibit E-DD to the Court; and (b) serving copies of the same to the other parties to this action.

Dated:  January 10, 2020

Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

Matthew M. Houston
Benjamin I. Sachs-Michaels
712 Fifth Avenue, 31st Floor
New York, NY 10019
Tel: (212) 935-7400
Fax: (212) 756-3613

*Liaison Counsel for Plaintiffs*