UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOANNE WITCHKO, Derivatively on Behalf of Nominal Defendant AMERICAN REALTY CAPITAL PROPERTIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS S. SCHORSCH, et al.,<br><br>Defendants,<br><br>-and-<br><br>AMERICAN REALTY CAPITAL PROPERTIES, INC.,<br><br>Nominal Defendant. | Lead Case No. 1:15-cv-06043-AKH<br><br>(Consolidated with Case No. 1:15-cv-08563-AKH)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 1/22/2020 |

**AMERICAN REALTY CAPITAL PROPERTIES, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE UNDER SEAL LETTER REGARDING DERIVATIVE <u>COUNSEL'S BILLING RECORDS</u>**

*[Handwritten annotation:]* Motion denied. The derivative cases have been settled, released and discharged. The interest in full accountability outweighs any confidentiality interest in continued [illegible]. 1-21-2020 /s/ AKH

**PLEASE TAKE NOTICE** that Nominal Defendant American Realty Capital Properties, Inc. (n/k/a VEREIT, Inc.) (the "Company"), by its undersigned attorneys, files this motion for leave to file under seal the Company's letter to this Court dated January 17, 2020 (the "Letter").[1] The Company is filing this motion because the Letter contains references to Derivative Counsel's billing records that were attached as exhibits to the Supplemental Declaration of Matthew M. Houston in Support of Derivative Counsel's Motions For Final Approval of Derivative Settlement and Award of Attorney's Fees and Reimbursement of Expenses (Dkt. No. 301), which records the Court granted leave to file under seal in its January 14, 2020 order (Dkt. No. 303). Accordingly, in accordance with Rule 4 of this Court's Individual Rules, the Company is contemporaneously herewith (i) filing on ECF a redacted copy of the Letter, (ii) submitting an unredacted copy of the same to the Court, and (iii) serving upon the other parties in the above-captioned action unredacted copies of the same.

Notwithstanding the foregoing, the Company does *not* believe that sealing of the Letter or the billing records is appropriate, and the Company requests that this motion be ***denied***.

As this Court has observed in these cases on a number of occasions, there is a "presumption of public access" to judicial documents, which may be rebutted only "where 'the proponent of sealing . . . demonstrate[s] that [dis]closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re American Realty Capital Properties, Inc. Litig.*, No. 1:15-mc-00040-AKH ("Class Action"), Dkt. No. 752 (Mar. 25, 2019) (quoting *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016)); *see also* Class Action Dkt. No. 589 (July 18, 2018) ("The motion and exhibits contain a large swath of materials, none of which is sensitive enough to outweigh the strong public interest in disclosure of judicial

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Letter.

- 1 -

documents." (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006)); Class Action Dkt. No. 572 (Apr. 18, 2018) (similar).

Derivative Counsel's 474 pages of billing records do not meet that high burden. In their motion to seal the billing records, Derivative Counsel's sole basis for seeking to seal the billing records was that the records were "subject to the attorney client privilege and should be withheld from public disclosure." (Dkt. No. 300 at 1-2.) As the Letter makes clear, however, many (if not most) of the billing entries have no claim whatsoever to being privileged, as they simply reflect tasks that were performed by counsel, rather than revealing attorney work product or confidential communications. And even if certain billing entries were subject to attorney-client privilege, Derivative Counsel have made no attempt to justify keeping the entirety of the 474 pages of billing records out of the public view. *See Fashion Exchange LLC v. Hybrid Promotions, LLC*, 2019 WL 5693374, at *3 (S.D.N.Y. Nov. 4, 2019) (denying motion to seal billing records and holding that "Defendants' counsel's conclusory assertion of privacy interests in its billing entries is insufficient to overcome the presumption of public access").

In any event, any claim of privilege over the billing records was waived when, as confirmed in their motion to seal (Dkt. No. 300 at 1), Derivative Counsel provided the records to the defendants in this action—their adversaries. *See, e.g., Kleeberg v. Eber*, 2019 WL 2085412, at *7 (S.D.N.Y. May 13, 2019) ("Attorney-client privilege generally is waived if the holder of the privilege discloses or consents to disclosure of privileged communications to a third party.").

Accordingly, there is no basis for keeping the billing records under seal, and this motion should be denied.

Dated: January 17, 2020
New York, New York

MILBANK LLP

By: _____
Scott A. Edelman
Antonia M. Apps
Jed M. Schwartz
Jonathan Ohring
55 Hudson Yards
New York, New York 10001
Telephone: (212) 530-5000

Jerry L. Marks
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067-3019
Telephone: (424) 386-4000

*Attorneys for Nominal Defendant American Realty Capital Properties, Inc. (n/k/a VEREIT, Inc.)*