UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
:
JOANNE WITCHKO, Derivatively on Behalf of :
Nominal Defendant AMERICAN REALTY : **ORDER**
CAPITAL PROPERTIES, INC., :
: 15 Civ. 6043 (AKH)
Plaintiff, :
-against- :
:
NICHOLAS S. SCHORSCH, et al., :
:
Defendants, :
:
-and- :
:
AMERICAN REALTY CAPITAL PROPERTIES, :
INC., :
:
Nominal Defendant. :
:
--------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        On January 21, 2020, I held a hearing at which I granted final approval of the settlement in the above-captioned action (the "Derivative Action"). At that hearing, and during continued proceedings on January 23, 2020, I also granted final approval of the settlement and awarded attorneys' fees and expenses in the coordinated action *In re American Realty Capital Properties, Inc. Litigation*, No. 15mc40 (the "Class Action"). I deferred ruling on the motion for attorneys' fees and expenses in the Derivative Action to allow Plaintiffs' counsel ("Derivative Counsel") to revise its time records and expense reports based on my guidance. I also allowed Derivative Counsel and counsel for Nominal Defendant American Realty Capital Properties, Inc., now known as VEREIT, Inc. ("VEREIT"), to submit supplemental briefing on the issue of attorneys' fees and expenses.

1

Having received the supplemental submissions, I hold that Derivative Counsel is entitled to payment of attorneys' fees in the amount of $7,500,000 and reimbursement of expenses in the amount of $548,267.

## DISCUSSION

Maryland law allows counsel for a derivative plaintiff to recover attorneys' fees and expenses under the common fund doctrine. *Garcia v. Foulger Pratt Dev., Inc.*, 845 A.2d 16, 31-33 (Md. Ct. Spec. App. 2003). In determining reasonable attorneys' fees, I consider "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000); *see also In re Pfizer Inc. S'holder Derivative Litig.*, 780 F. Supp. 2d 336, 343 (S.D.N.Y. 2011) (considering *Goldberger* factors in determining reasonableness of attorneys' fees awarded in derivative action brought under state law).

As an initial matter, I choose to award fees under the lodestar method. "Attorney's fees awarded pursuant to the common fund doctrine may be calculated using either a percentage of the recovered benefit, the Lodestar approach . . . , or a combination of both." *Garcia*, 845 A.2d at 34. The lodestar method is more appropriate here because the value of the settlement is not quantifiable[1] and relies in part on work performed in the Class Action.

---

[1] The primary benefit of the settlement of the Derivative Action is that individuals and entities other than VEREIT (the "Non-VEREIT Defendants") will pay $286.5 million out of their own pockets to settle the Class Action. In other words, no cash payment will be made in this action, but VEREIT benefits from paying less than 100% of the $1.025 billion settlement in the Class Action. VEREIT also benefits from the end of costly litigation and the release of potential counterclaims against it. The Non-VEREIT Defendants stipulated that they would not have made any contribution toward the Class Action settlement but for settlement of the Derivative Action. Even though the Non-VEREIT Defendants insisted on a global settlement, I cannot conclude based on this bargaining position that the Derivative Action is solely responsible for the Non-VEREIT Defendants' $286.5 million payment in the Class Action.

As to the amount of attorneys' fees, Derivative Counsel's revised lodestar is $10,501,488 for 16,766 hours of work across seven law firms. Derivative Counsel seeks $15,752,232, which represents a multiplier of 1.5. Counsel for Nominal Defendant American Realty Capital Properties, Inc., now known as VEREIT, Inc., argues that a fee award of $6,000,000 would be sufficient.

Derivative Counsel strongly pursued this complex and risky action. They survived dispositive motions and motions to stay; completed extensive discovery, which involved 846,000 documents and thirty-five depositions; and reached a resolution that VEREIT, under new leadership, accepted. Though Derivative Counsel benefited heavily from the work of the Government and the parties in the Class Action, the legal claims in the Derivative Action were distinct. The Derivative Action also drew focus to related-party transactions that allegedly reflected waste and mismanagement.

On the other hand, the Derivative Action piggybacked on, and at times even distracted from, the Class Action. Counsel in the Class Action spearheaded the global settlement efforts. Furthermore, even based on the revised time records, Derivative Counsel billed for work that was not proportional to the needs of the case. For example, Derivative Counsel billed excessive time for background research, overstaffed depositions, and duplicated efforts between law firms. I conclude that Derivative Counsel is entitled to $7,500,000, approximately 75% of its lodestar.

At the final approval hearing, I indicated that some of the expenses for which Derivative Counsel sought reimbursement were unreasonable. In its revised submissions, Derivative Counsel removed certain expert consulting fees and charges for in-house

administrative tasks. I accept the remaining expenses, totaling $548,267, as reasonable, and I order that they should be reimbursed.

## CONCLUSION

For the foregoing reasons and for the reasons discussed on the record at the final approval hearing, I award Derivative Counsel attorneys' fees in the amount of $7,500,000.00 and expenses in the amount of $548,267.00, to be paid by VEREIT in accordance with the terms of the Stipulation and Agreement of Settlement, ECF No. 287-1.

SO ORDERED.

Dated: New York, New York
April 6, 2020

ALVIN K. HELLERSTEIN
United States District Judge